## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE | ) | |
| 1899 L Street, N.W., 12th Floor | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-681 |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF THE INTERIOR | ) | |
| Office of the Secretary | ) | |
| 1849 C Street, N.W. | ) | |
| Washington, D.C. 20420 | ) | |
| | ) | |
| NATIONAL PARK SERVICE | ) | |
| 1849 C Street, N.W. | ) | |
| Washington, D.C. 20240 | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY AND  INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against

Defendants UNITED STATES DEPARTMENT OF THE INTERIOR ("DOI") and

NATIONAL PARK SERVICE ("NPS"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

   compel production under two pairs of FOIA requests sent on October 9, 2013,

   seeking copies of federal records relating to the closure of public monuments and

   private concessions and businesses in the October 2013 federal government

   shutdown.

2)  In its first pair of FOIA requests, sent separately to both DOI and NPS on the

afternoon of October 9, 2013, plaintiff sought the following documents (dealing with

*public* monuments and spaces, and whether or not to close them):

1.  Any and all records or communications concerning, or discussing, whether to close George Washington Memorial Parkway during any federal government shutdown, including the October 2013 federal government shutdown.
2.  Any and all records of communications concerning, or discussing, whether to close or block public access to open-air memorials during any federal government shutdown.
3.  Any and all records or communications concerning, or discussing, whether to close or block access to scenic overlooks on the George Washington Memorial Parkway, or scenic overlooks of Mount Rushmore,
4.  Any assessment or discussion since May 1, 2013 of prior agency policy regarding whether to close George Washington Memorial Parkway, open-air memorials, or the scenic overlooks discussed above, during the federal government shutdowns under the Clinton Administration.

These FOIA requests were addressed individually to each defendant (DOI and NPS),

and were sent by separate fax transmissions to the fax numbers publicly listed by each

defendant (DOI and NPS) for receiving FOIA requests.  Plaintiff's fax machine

generated a fax transmission sheet showing that both NPS and DOI had in fact

received the FOIA requests sent to them.  Plaintiff also emailed the FOIA requests to

the email address assigned by the defendants for receiving FOIA requests,[1] and

received autoreply messages indicating that they were in fact received on October 9,

but that FOIA requests could not be "processed at this time" "[d]ue to the government

shutdown."[2]

---

[1] These email addresses were npsfoia@nps.gov for the NPS, and os_foia@ios.doi.gov
[2] These emails were sent around 3 p.m. from the email accounts npsfoia@nps.gov (for the NPS, sent in the name of NPS FOIA officer Charis Wilson) and osfoia@ios.doi.gov.

3) In its second pair of FOIA requests, sent separately to both DOI and NPS on the evening of October 9, 2013, plaintiff sought the following documents (dealing with closures of *private* businesses or concessions, and access to private property):

> "Any and all records or communications dated or created since May 1, 2013 that either (1) contain or discuss policies, rules, guidelines, or guidance as to what privately-operated businesses, privately-leased properties, private concessions, or privately-owned land to close, shut down, or block access to, in the October 2013 federal government shut down; (2) assess or discuss prior policies about what privately-operated businesses, privately-leased properties, private concessions, or privately-owned land to close, shut down, or block access to, in any federal government shutdown; or (3) assess or discuss policies used in any federal government shutdown during the Clinton Administration, about what privately-owned businesses, private-leased properties, or privately-owned land to close, shut down, or block access to."

These FOIA requests were addressed to each of the defendant entities, and sent by separate faxes to the fax numbers publicly listed by DOI and NPS for receiving FOIA requests. Plaintiff's fax machine generated a fax transmission sheet showing that both NPS and DOI had in fact received the FOIA requests sent to them. Plaintiff also emailed the FOIA requests to the email address assigned by the defendants for receiving FOIA requests.

4) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days. (*See* 5 U.S.C. § 552(a)(6)(A)(i)). Under *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must inform the requester of the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

5) It has now been more than six months since CEI's FOIA requests were sent, yet it still has received no substantive response.

6) On October 17, 2013 at 11:22 a.m., NPS FOIA officer Charis Wilson sent an email to plaintiff's counsel Hans Bader.  This email attached (and acknowledged receipt of) the CEI FOIA request to NPS described in paragraph 2 (dealing with closures of *public* monuments and facilities).  It contained a message that was also emailed to NPS employees Christopher Watts and Carol Johnson, a message that informed them that "Here's another one that came in while we were furloughed, so we are to consider it received as of today."

7) On October 17, 2013 at 11:27 a.m., NPS FOIA officer Charis Wilson sent another email to plaintiff's counsel Hans Bader.  This one attached (and acknowledged receipt of) the CEI FOIA request to DOI described in paragraph 3 (the one about closures of *private* businesses and concessions and private lands), in a message also sent to NPS employees Jenese McCown and John Snyder, telling them:

> "This request came in while we were furloughed, so it considered to be received today.  Based on the topic of the request, I think the WASO concessions office would be the most likely to have responsive records, so I'm routing this request to you for processing.  Let me know if it turns out that we need to have park or regional staff search for responsive records.
>
> As with the other ones I've sent you today, I'm cc'ing the requester so they know who their request has been routed to.  You'll still need to send out a acknowledgement letter with the tracking number and the estimated response date information."

8) On October 18, 2013, at 3:37 p.m., Debra Zusin of DOI's Office of the Secretary FOIA Office emailed plaintiff's counsel Hans Bader, attaching an acknowledgment letter from Clarice Julka, a FOIA Officer in DOI's Office of the Secretary.  The letter acknowledged receipt of plaintiff CEI's "two Freedom of Information Act (FOIA)

requests to various offices within the Department of the Interior" sent on October 9.

*Id.* at 1.  It "granted" CEI's "request for expedited process[ing]," although it stated

that DOI would need a "10-day workday extension" to process CEI's request.  *Id.* at

2, *citing* 43 C.F.R. §2.19. It assigned control number OS-2014-00001 to CEI's first

request (*i.e.*, the one dealing with *public* monuments and spaces) and control number

OS-2014-00003 to CEI's second request (*i.e.*, the one dealing with *private* businesses

and concessions).

9)   Julka's letter partially granted CEI's request for a fee waiver, indicating that fees

would be waived for the first two hours of search time and 100 pages of photocopies.

But it deferred ruling on whether to grant "a waiver of all FOIA processing fees"[3]

(and CEI has never received a ruling on whether *all* such fees will be waived).

10)  Although Julka's acknowledgment letter for the defendants indicated that CEI's

requests would receive expedited processing, they did not.  CEI has never received

any substantive response about whether the defendants will in fact produce any

documents, much less about the scope of the records they plan to produce or withhold

under any FOIA exemptions, as is required by this circuit's decision in *CREW v.

FEC*, 711 F.3d 180, 185-86 (D.C. Cir. 2013).  As this circuit explained, it is not

enough for an agency to send an acknowledgment letter within FOIA's 20-day

deadline, or even to "express a future intention to produce non-exempt documents and

---

[3] *See id.* at 2 ("We have classified your request as an 'other-use request.' As an 'other-use requester' you
are entitled to up to 2 hours of search time and 100 pages of photocopies before being charged for the
processing of FOIA requests. As a matter of policy, however, the Department of the Interior does not bill
requesters for FOIA fees incurred in processing requests when their fees do not exceed $50.00, because the
cost of collection would be greater than the fee collected. (See 43 C.F.R. §2.39. 2.49(a)(1)) You have asked
for a waiver of all FOIA processing fees. Please be advised that we are in the process of determining
whether your entitlements are sufficient to enable us to process your request, or if we will need to issue a
formal determination on your request for a fee waiver.").

claim exemptions." *Id.* at 185.  Instead, FOIA "requires that, within the relevant time

period, an agency must determine . . .whether a requester will receive all the

documents the requester seeks. It is not enough that, within the relevant time period,

the agency simply decide to later decide. Therefore, within the relevant time period,

the agency must at least inform the requester of the scope of the documents that the

agency will produce, as well as the scope of the documents that the agency plans to

withhold under any FOIA exemptions."  *Id.* at 186.

11) These withheld documents are Agency records subject to disclosure under FOIA.  By

refusing to substantively respond to CEI's requests, even though the legal deadline

for responding has long passed, defendants have left Plaintiff no recourse but to bring

this lawsuit to compel them to comply with the law.

## PARTIES

12) Plaintiff CEI is a public policy research and educational institute in Washington,

D.C., dedicated to opposing overregulation. CEI's programs include research,

investigative journalism and publication.

13) Defendant DOI is a cabinet department in the Executive Branch of the United States

Government. It is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is

charged with the duty to provide public access to documents in its possession under

FOIA. It has possession of and control over records and documents sought by

plaintiff in this action

14) Defendant NPS is an agency of the federal government that manages all U.S. national

parks, and many American national monuments. It was created by Congress in 1916

through the National Park Service Organic Act.  It is an agency within the United

States Department of the Interior.  It is also an agency within the meaning of 5 U.S.C. § 552(f)(1), and as such, is charged with the duty to provide public access to documents in its possession under FOIA.  It has possession of and control over records and documents sought by plaintiff in this action.

### JURISDICTION AND VENUE

15) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

16) Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia and the defendants are federal agencies.

### LEGAL ARGUMENTS
### Defendants Owed But Have Failed to Provide Plaintiff With Substantive Responses to its Requests

17) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, affirming the agency is processing the request and intends to comply.  (5 U.S.C. § 552(a)(6)(A)(i)).  In "unusual circumstances," this deadline may be "extended by written notice" for a period of not "more than ten working days" (5 U.S.C. § 552(a)(6)(B)(i)).

18) Thus, defendants owed CEI a substantive response to its requests by December 2, 2013, at the very latest.  (The federal government shutdown ended on October 17, 2013.[4]).

---

[4] *See* Continuing Appropriations Act, H.R. 2775, Pub.L. 113–46 (passed and signed, Oct. 17, 2014); Lori Montgomery & Rosalind S. Helderman, *Obama signs bill to raise debt limit, reopen government,* Washington Post, October 17, 2013 ( www.washingtonpost.com/politics/house-

19) By not substantively responding to CEI's request, defendants have constructively denied the requests for records, and by this refusal plaintiff has exhausted its administrative remedies. Due to this failure to respond, under well-established precedent, plaintiff need not administratively appeal. *See CREW v. FEC*, 711 F.3d 180, 184 (D.C. Cir. 2013).

20) For the foregoing reasons, defendants are now legally required to provide plaintiff records responsive to its requests.

### CEI Is Entitled to a Fee Waiver, and Defendants Have Waived Their Ability to Collect Any Fees for Processing CEI's Requests

21) In addition to not responding substantively to any of CEI's FOIA requests, the defendants also did not rule on CEI's request for a waiver of *all* FOIA processing fees (although it did waive *certain* duplication and search fees[5]).  In each of its FOIA requests, CEI duly requested that any applicable fees be waived because the requested documents contained information of "public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government."  (FOIA requests at pp. 1-2,[6] quoting 5 U.S.C. § 552(a)(4)(A)(iii)). As it noted, "public concern" about "the subject of this FOIA request" was "reflected in recent press coverage, such as recent editorials and news stories on the subject of shutdown-related closures and agency decisions to keep some facilities open."  (FOIA requests at pg. 5).  As it further noted, CEI widely publishes on issues such as federal land-use issues and access to federal lands that relate to the subject matter of its FOIA

---

effort-to-end-fiscal-crisis-collapses-leaving-senate-to-forge-last-minute-solution/2013/10/16/1e8bb150-364d-11e3-be86-6aeaa439845b_story.html).
[5] *See* paragraph 9 and footnote 3 of this complaint.
[6] The passage appears on pp. 1-2 of the FOIA request described in paragraph 2, and pg. 1 of the FOIA request described in paragraph 3.

request (such as CEI's commentary about the government's controversial decision to close many private businesses and privately-run tourist attractions operating on federal land during the 2013 government shutdown).[7]  Moreover, CEI noted that it "publishes about these and other issues in print and electronic media, as well as newsletters to legislators, education professionals, and other interested parties, and thus qualifies as a press entity for purposes of FOIA," as other agencies have found.[8]

22) Due to their failure to substantively respond to CEI's FOIA request, both defendants have waived their ability to collect *any* fees for processing and copying the requested records.  *See Lawyers Comm. for Civil Rights of the San Francisco Bay Area v. U.S. Dep't of the Treasury*, No. 07-2590, 2009 WL 2905963 (N.D. Cal. Sept. 8, 2009) (agency waived its right to object to plaintiff's request for a fee waiver where it failed to respond within twenty days of the request); *Bensman v. National Park Service*, 806 F. Supp.2d 31, 38 (D.D.C. 2011) ("[The effect of] the 2007 Amendments was to impose consequences on agencies that . . .fail to comport with FOIA's requirements. See S. Rep. No. 110-59."). Due to their failure to rule on CEI's request for a full fee

---

[7] *See* FOIA request at pg. 2, *citing, e.g.,* Hans Bader, *Obama White House Closing Private Businesses to Add Pain to Government Shutdown,* Washington Examiner, October 5, 2013 (http://washingtonexaminer.com/obama-white-house-closing-private-businesses-to-add-pain-to-government-shutdown/article/2536820); Michael Bastasch, *Lawyers: Private Parks Should Sue Obama Administration for Forcing Them to Close,* Daily Caller, October 3, 2013 (quoting CEI's Hans Bader about closures of private businesses and privately-operated tourist sites during the recent shutdown, and quoting lawyers saying the closures were illegal) (http://dailycaller.com/ 2013/10/03/lawyers-private-parks-should-sue-obama-admin-for-forcing-them-to-close/); Editorial, *Property Rights: Eminent Domain Law Gives Developers Unfair Advantage*, Syracuse Post Standard, Apr. 7, 2010, at A14 (quoting CEI on land-use issues); Erin Kelly, *Big changes on the way for Western states land-use rules*, Las Vegas Sun, Nov. 13, 2009, at 3 (citing CEI staff).

[8] *See* FOIA request at pg. 3, *citing EPIC v. DOD*, 241 F.Supp.2d 5 (D.D.C. 2003) (publisher of a bi-weekly electronic newsletter qualified as the media, entitling it to fee waiver)*; Forest Guardians v. U.S. Dept. of Interior*, 416 F.3d 1173, 1181-82 (10th Cir. 2005) (fee waiver granted for group that "aims to place the information on the Internet"; "Congress intended the courts to liberally construe the fee waiver requests of noncommercial entities").

waiver, plaintiff CEI is deemed to have exhausted any administrative remedies

regarding its fee-waiver request. *See Public Citizen v. Dept. of Education*, 292

F.Supp.2d 1, 4 (D.D.C. 2003).

23) In addition to being entitled to a fee waiver under FOIA, CEI is also entitled to a fee

waiver under defendants' FOIA regulations, which waive fees (except for certain

duplication fees) for, *inter alia*, "educational" "institutions" and any "news media

requester." *See, e.g.,* 43 C.F.R. 2.39.

## <u>FIRST CLAIM FOR RELIEF</u>
### Duty to Produce the Requested Records
### -- Declaratory Judgment

24) Plaintiff re-alleges paragraphs 1-23 as if fully set out herein.

25) CEI has sought and been denied production of responsive records related to the

conduct of official business.

26) CEI has a statutory right to the information it seeks.

27) Defendants have failed to provide CEI responsive records, or even provide a

substantive response.

28) CEI has exhausted its administrative remedies.

29) Defendants have waived any right to collect fees for processing or responding to

CEI's requests due to their failure to substantively respond to CEI's requests for

records, and also due to their failure to rule on CEI's request for a full fee waiver.

30) Plaintiff asks this Court to enter a judgment declaring that

    i.   The records described in CEI's October 9, 2013 requests are public records
subject to release under FOIA;
    ii.  DOI and NPS must release those requested records;
    iii. Their denial of CEI's FOIA request is not reasonable, and does not satisfy
either DOI or NPS's obligations under FOIA;
    iv. DOI's and NPS's refusal to produce the requested records is unlawful.

v.  Neither DOI nor NPS may charge fees for processing or responding to CEI's FOIA request.

## SECOND CLAIM FOR RELIEF
### Release of the Requested Records -- Injunctive Relief

31) Plaintiff re-alleges paragraphs 1-30 as if fully set out herein.

32) CEI is entitled to injunctive relief compelling DOI and NPS to produce all records in their possession responsive to CEI's requests described, *supra*.

33) This Court should enter an injunction ordering DOI and NPS to produce to CEI, within 10 days of the date of the order, the requested records, without any charge or processing fees.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

34) Plaintiff re-alleges paragraphs 1-33 as if fully set out herein.

35) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

36) This Court should enter an injunction ordering DOI and NPS to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 22nd day of April 2013,

*Hans Bader*

Hans Bader, D.C. Bar No. 466545
Sam Kazman, D.C. Bar No. 946376
Competitive Enterprise Institute
1899 L Street, N.W., 12th Floor
Washington, D.C. 20036
(202) 331-1010
Attorneys for Plaintiff